[636 NYS2d 772]

In the Matter of CHARLOTTE S. EATON (Admitted as CHARLOTTE SUZANNE EATON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 18, 1996

#### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Charlotte S. Eaton was admitted to the practice

of law in the State of New York by the First Judicial Department on April 17, 1989 under the name Charlotte Suzanne Eaton.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of this Court, based upon her willful failure to cooperate with this Committee in its investigation and upon uncontested evidence of respondent's professional misconduct which threatens the public interest.

In support, petitioner has presented evidence demonstrating that a complaint was submitted to petitioner by respondent's former employer, the law firm Camhy, Karlinsky & Stein, based on allegations of respondent's unauthorized and unjustified use for personal purposes of a firm credit card. The complaint further alleged that respondent continued to use the credit card for personal expenditures after once being reprimanded and that, when her employment was terminated in October 1994, she owed the firm $7,471.58, which she repaid by means of a check which was then dishonored by her bank.

Upon being served with the complaint based on the above-described charges, respondent informed the Committee that she was currently living in Prague, Czech Republic, but failed to provide a forwarding address. She also informed the Committee that her use of the credit card was "inadvertent" and that she had written a bad check because she was in a "panic".

The Committee was unsuccessful in its attempts to locate respondent in Prague but located her at her last known address on Madison Avenue, at which time respondent agreed to contact counsel for the Committee. During her conversation with counsel, respondent agreed to accept service at the Madison Avenue address, but letters subsequently sent to that address were returned "unclaimed". On August 2, 1995, respondent was served with a subpoena duces tecum requiring her appearance at a deposition on August 22, 1995, at which she failed to appear. To date, respondent has had no further contact with the Committee and her whereabouts are unknown.

22 NYCRR 603.4 (e) (1) provides:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has

been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding, or * * *

"(iii) other uncontested evidence of professional misconduct".

The Committee has presented well-documented and undisputed evidence of respondent's failure to cooperate with the Committee. In addition, the allegations of serious misconduct made against respondent involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) are completely uncontested. Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) should be granted and respondent should be suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ELLERIN, J. P., RUBIN, KUPFERMAN, WILLIAMS and MAZZA-RELLI, JJ., concur.

Motion granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until the disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.